JOEL SPENCER v. J. H. BROWER & Co.

1—Interest on debts due from citizens of Texas to citizens of New York was not suspended during the civil war between the States.

2—Although, in time of war, the judicial enforcement of contracts between parties in hostility to each other is suspended, yet the obligation of such contracts is not impaired, and on the restoration of peace the legal remedy on them revives in full force.

ERROR from Brazoria. Tried below before the Hon. D. Shropshire.

The notes sued on were dated January 4th, 1860, and pay-

able, respectively, on the 1st of March, 1862 and 1863, with interest at ten per cent. per annum from and after date.

*T. N. Waul* and *Munson & Garnett*, for the plaintiff in error.—The only question in this case is, did interest accrue on the claims sued on during the war? It will not be questioned that it is the settled law that war suspends the accruing of interest between the citizens of the contending countries. It was held that no interest accrued on claims due British subjects by America during the revolutionary war. (See 3 Call, Brewer v. Hastie, 22; Desaussure's Equity Reports, 537; Dickson v. Legare, Id., 427; Higginson v. Air, 2 United States Equity Digest, 105; Peters' C. C. Reports, 496, Conn v. Penn.) The war between the United States and the Confedarate States was, for the time, to all intents and purposes, a war between two nations. The Confederate government was the controlling power here. It was the only government in action. For the time, it was the government in fact. (See 1 J. J. Marshal, 206, Hildreth v. McIntyre.) The same consequences that resulted to the citizens of Great Britain and the United States during the war of the revolution, resulted to the citizens of the two sections here in the late war. The same reasons for holding that interest was suspended in the one case, exist equally and with full force in the other. There is no distinction in principle in the two cases. In addition to this, the act of the Confederate Congress of May 6, 1861, prohibited the payment of debts due by citizens of the South to citizens of the United States. It is held that "where a debtor is *prevented by law* from the payment of the debt, or by reason of war, he is not chargeable with interest. (See 1 Bland Chancery Reports, Chase v. Mendenhardt, 333; 2 United States Digest, 105.)

*Lathrop & McCormick*, for the defendants in error.

LINDSAY, J.—Upon two notes for the sum of one thousand dollars each, payable in the State of New York, suit was brought by the defendants in error against the plaintiff in

error, to which a plea was interposed to defeat the recovery of the accrued interest, because of the prevalence of a state of war between the citizens of the State of Texas and the citizens of the United States, which put it out of the power of the obligor to make payment. A demurrer to the plea was sustained by the court below, and rightfully. The defense has no merit as a matter of law, nor can it find any foundation in equity. In a time of war, in which parties to contracts are in hostility to each other, the judicial enforcement of contracts is in abeyance, but their obligation does not cease; and, with the restoration of peace, the remedy revives, and is restored to all its pristine vigor with it. This seems to be too obvious to require the citation of any authority in its support. The point, however, was learnedly elaborated and determined by the distinguished Chief Justice Chase, in the Circuit Court of the United States, at Raleigh, North Carolina, and may now be considered as, in effect, definitely settled. The judgment of the District Court is affirmed.

Affirmed.